{¶ 57} I concur with the majority's analysis and disposition of appellant's first, second and third assignments of error.
 {¶ 58} However, I respectfully disagree with the majority's analysis and disposition of appellant's fourth assignment of error.
 {¶ 59} The majority, with respect to appellant's first assignment of error, finds that the bar is a trade fixture, and that appellants were entitled to remove the same from the premises upon termination of the lease.
 {¶ 60} Appellants, in their fourth assignment of error, argue that the trial court erred in ordering them to return the bar top because the bar, including the bar top, was a trade fixture. While the majority, in its opinion, finds that the trial court erred in ordering appellants to return the bar top because appellants had already sold the same, the majority orders this matter remanded to the trial court to enter an award in appellee's favor for an ascribed monetary amount in lieu of the return of the bar top. However, this is contrary to the majority's determination that the bar is a trade fixture and is appellant's property.
 {¶ 61} The majority explains that it is treating the bar top differently than the rest of the bar because "the bar top was constructed out of old bowling alley flooring owned by Appellee William Baker and given to Appellants conditioned upon it remaining on the premises . . ." But, pursuant to the lease, trade fixtures belong to the lessee. By law, the bar is a trade fixture. *Page 12 
 {¶ 62} The parties could have agreed to except that particular trade fixture from the lease agreement but, per the lease agreement, such amendment needed to be in writing.
 {¶ 63} Accordingly, I would sustain appellant's fourth assignment of error. *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the June 25, 2004 Judgment Entry of the Holmes County Municipal Court is affirmed, in part; reversed, in part, and remanded for further proceedings in accordance with the law and our Opinion. Costs to be divided equally. *Page 1